# United States Court of Federal Claims

No. 24-1511
Filed: September 30, 2024

|  |  |
|---|---|
| ROBERT ALLEN BAUTISTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER TO SHOW CAUSE**

On September 26, 2024, plaintiff, proceeding *pro se*, filed a complaint in this Court asserting that he is "conferring nationality of a state" upon himself. Compl. at 1, ECF No. 1. He alleges that defendant violated various statutes, regulations, and the Constitution when it denied his application for a diplomatic passport and issued him a U.S. passport instead. *Id.* at 2. He asks this Court to order defendant to issue him a diplomatic passport, scrub all his personal information from federal databases, as well as pay him $250 million in "federal reserve notes" and 250 "customary units of gold." *Id.* at 3. Upon review, the Court believes that it lacks subject matter jurisdiction over plaintiff's suit, and orders plaintiff to show cause as to why the case should not be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part). If plaintiff fails to identify a money-mandating source of law, the court lacks subject-matter jurisdiction and "must dismiss the action." R. Ct. Fed. Cl. 12(h)(3).

The Court believes that plaintiff has failed to identify a money-mandating source of law. The only statutes plaintiff identifies state what rules U.S. officials must follow while deciding

who is entitled to a diplomatic passport. *See* Compl. at 1 (citing 8 U.S.C. § 1101(a)(22)(B), (23); 28 U.S.C. § 1605(a)(1); 8 U.S.C. § 1408). None of these provisions appear to be money-mandating, and plaintiff has not explained how it could be otherwise.

Therefore, plaintiff is **ORDERED TO SHOW CAUSE** as to why this case should not be dismissed pursuant to RCFC 12(h)(3) for lack of subject-matter jurisdiction. Plaintiff's response to this Order must identify which source or sources of law he is invoking and explain why this Court has jurisdiction over this case. Plaintiff's response is due on or before **October 31, 2024**. Additionally, defendant's answer is hereby **STAYED** pending the Court's review of plaintiff's forthcoming response.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge