# United States Court of Federal Claims

No. 24-1511
Filed: December 10, 2024

|  |  |
|---|---|
| ROBERT ALLEN BAUTISTA, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**ORDER**

*SMITH*, **Senior Judge**

On September 26, 2024, Mr. Robert Allen Bautista (stylized as "ROBERT ALLEN BAUTISTA®/Attorney-In-Fact"), proceeding *pro se*, filed a complaint in this Court asserting that he is "conferring nationality of a state" upon himself. Complaint at 1, ECF No. 1 [hereinafter Compl.]. He alleges that defendant, the United States of America, violated various statutes, regulations, and the federal Constitution when it denied his application for a diplomatic passport and issued him a United States passport instead. *Id.* at 2. Accordingly, he requests the Court order defendant to issue him a diplomatic passport, scrub all his personal information from federal databases, as well as pay him $250 million in "federal reserve notes" and 250 "customary units of gold." *Id.* at 3.

On September 30, 2024, the Court, believing upon review of his Complaint that it lacked subject-matter jurisdiction over Mr. Bautista's claims, required him to show cause as to why the case should not be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Order to Show Cause, ECF No. 4. On October 24, 2024, Mr. Bautista responded to this Order with no discernible explanation as to why the Court's jurisdiction encompasses his claims. *See generally* Plaintiff's Response to Order to Show Cause, ECF No. 6 [hereinafter Resp.]. Consequently, the Court *sua sponte* concludes that Mr. Bautista's claims are not within its subject-matter jurisdiction and must be dismissed pursuant to RCFC 12(h)(3).

The Court's jurisdictional backbone is the Tucker Act. 28 U.S.C. § 1491. The Tucker Act provides the Court with authority "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To

invoke this jurisdiction, however, plaintiffs "must identify a separate source of substantive law that creates the right to money damages," *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part), as the Tucker Act "does not create any substantive right enforceable against the United States for money damages," *United States v. Testan*, 424 U.S. 392, 398 (1976).  Therefore, if a plaintiff never identifies a money-mandating source of law establishing a right under the Tucker Act, the Court lacks subject-matter jurisdiction and "must dismiss the action."  R. Ct. Fed. Cl. 12(h)(3).

In both his Complaint and his Response to the Order to Show Cause, Mr. Bautista *never* stipulates, explains, or even generally waves to any money-mandating source of law.  *See generally* Resp.  Rather, he believes the Tucker Act alone "allows for the pursuit of claims for violations of contractual agreements, such as breach of a 'passport application,'" and allows for him to "seek the return of money paid to the government or assets entitlement to payment."  *Id.* at 1.  True, as he mentions, contractual agreements with the federal government can invoke Tucker Act jurisdiction under certain circumstances.  *Id.*  But United States passport applications are not contractual obligations:  The federal government is normally under no duty to issue a passport to any citizen.  *See Chattler v. United States*, 632 F.3d 1324, 1330–31 (Fed. Cir. 2011) (holding that a passport application's terms, provisions, and definitions are not a contractual offer to a passport applicant).  Although one exception to this rule exists—namely, when the federal government enters into a plea agreement to provide a person with United States citizenship and a passport corresponding to that nationality, *e.g.*, *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002)—Mr. Bautista's allegations do not arise from a plea agreement (or any contract), but a simple denial of a passport application and, thus, no contract between him and the federal government exists, *see Phu Mang Phang v. United States*, 388 F. App'x 961, 963 (Fed. Cir. 2010) ("Our decision in *Awad* does not compel a different result.").  Accordingly, because the contractual obligations are nonexistent, "the United States' failure to perform the alleged contractual obligations [under a passport application] cannot be considered a breach."  *Riddle v. United States*, No. 24-131, 2024 WL 1209896, at *2 (Fed. Cl. Mar. 21, 2024).

Likewise, Mr. Bautista's vague assertion that the United States should "return" monies paid and assets provided by him is not linked to any money-mandating source of law.  *See* Resp. at 1.  While unclear, the Court assumes Mr. Bautista is referring to monies paid to process his passport application, *see* Compl. at 2 (discussing fees paid in trying to acquire a passport), and his sought-after diplomatic passport, *id.* at 1.  As to the passport application fees, he points to no source of law requiring return of funds paid for unsuccessful passport applications, and the Court is unaware of any law requiring such.  *See generally* Resp. at 1.  And as to the passport itself, again, the United States was under no obligation to provide Mr. Bautista a diplomatic passport.  *Supra* at 2.  But even if the United States had provided and then revoked his hypothetical passport, all passports are "the property of the United States," so Mr. Bautista lacks any property interest in owning one, and thus one could never be returned to him if issued (which it was not).  22 C.F.R. § 51.7(a); *e.g.*, *Pendleton v.*

*United States*, No. 24-656, 2024 WL 4639259, at *3 (Fed. Cl. Oct. 29, 2024) ("Because he does not have a cognizable property interest in his passport, Plaintiff fails to state a just compensation claim upon which relief can be granted.").

Finally, Mr. Bautista generally assumes that the Court has jurisdiction over claims that "involve violations of federal law." *See* Resp. at 1. While Mr. Bautista once again does not reference any applicable money-mandating source of law, his conclusion misunderstands the Court's Tucker Act jurisdiction: All plaintiffs, even "ROBERT ALLEN BAUTISTA®/Attorney-In-Fact," ***must*** point to a money-mandating source of law that requires some civil remedy applicable to his or her claim. Such truth is inescapable.

Mr. Bautista's Complaint, ECF No.1, is **DISMISSED**, *sua sponte*, based on the foregoing, and pursuant to RCFC 12(h)(3). The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge